UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LINDSEY THOMAS                                                          PLAINTIFF

v.                                                    Civil No. 4:18-cv-00115-GHD-JMV

CITY OF BENOIT, MISSISSIPPI &
BILLIE WILLIAMS, in his individual
and official capacities                                                 DEFENDANTS

**MEMORANDUM OPINION**

This Court has before it a motion to stay proceedings [17] filed by the defendant Billie Williams. Having considered the matter, the Court finds the motion should be granted.

### Background[1]

Plaintiff Lindsey Thomas alleges that on January 1, 2017, Williams, who at the time was the Chief of Police of the City of Benoit[2], arrested him following an altercation that occurred between Thomas and another individual. Compl. ¶¶ 9–16 [1]. Williams placed Thomas into his patrol car and drove away. *Id.* ¶ 18. Instead of taking Thomas directly to the police station, Williams drove to a night club in Benoit that he owned. *Id.* ¶ 20. Thomas claims that on a prior occasion, Williams threated to kill him if he ever had to arrest Thomas again. *Id.* ¶¶ 21–22. Thomas believed that Williams was about to carry out his threat, and so when Williams went to enter the club, Thomas, still handcuffed, opened the car door in an attempt to escape. *Id.* ¶ 23–24. Williams, noticed however, and walked back towards the car, kicking it shut, and telling Thomas to stay in the car. *Id.* ¶¶ 25–26. Williams walked back towards the club, and Thomas again opened the door to run away. *Id.* ¶ 27. Williams, seeing Thomas run away, pulled his handgun and fired several

---

[1] The facts contained below are taken from Thomas's complaint as he alleged them.
[2] The Court is unsure if Williams is still Chief of Police

1

shots, one of which struck Thomas in the leg. *Id.* ¶¶ 28–29. Thomas was apparently able to escape. *Id.* ¶ 31.

Thomas brought the present § 1983 suit alleging that Williams violated his right to be free from unreasonable searches and seizures and that the City maintained an official policy, practice, or custom of using malicious and excessive force that caused Williams to injure him.

On August 28, 2017, Williams was indicted on one count of aggravated assault in the Circuit Court of Bolivar County, Mississippi for shooting Thomas. Indictment [1-1]. Williams now asks this Court to stay this case pending the resolution the criminal case against him.

## Analysis

The Court possesses inherent power over its docket and the disposition of cases to grant a stay when necessary. "The decision whether . . . to stay civil litigation in deference to parallel criminal proceedings is discretionary." *United States v. Simcho*, 326 Fed. App'x 791, 792 (5th Cir.2009) (quoting *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir.2004)). "'[T]he granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly.'" *Id.* at 792–93 (quoting *In re Who's Who Worldwide Registry, Inc.*, 197 B.R. 193, 195 (Bankr. E.D.N.Y.1996)). It is the burden of the party seeking the stay to overcome the "strong presumption in favor of discovery" and demonstrate why a stay is warranted. *United States v. Gieger Transfer Serv.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997) (citing Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 209 (1990)).

District courts consider the following factors to evaluate whether a stay is warranted: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to

2

plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *U.S. ex rel. Magee v. Lockheed Martin Corp.*, No. 1:09CV324-HSO-JMR, 2010 WL 2816658, at *4 (S.D. Miss. July 16, 2010) (collecting cases).

### I. Extent of Overlap in Issues

"When the issues presented in the civil and criminal proceedings overlap, courts often feel compelled to grant a stay." *Mosing v. Boston*, No. 6:14-CV-02608, 2017 WL 4228699, at *3 (W.D. La. Sept. 22, 2017). "The similarity of the issues underlying the civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *State Farm Lloyds v. Wood*, No. CIV A H-06-503, 2006 WL 3691115, at *2 (S.D. Tex. Dec. 12, 2006)

It first bears noting that Thomas makes two separate claims against two defendants. First, he makes a § 1983 claim against Williams for violating his right to be free from unreasonable searches and seizures by shooting him, as well as a common law assault and battery claim. Second, he makes a § 1983 claim against the City of Benoit for holding an official policy or custom that caused Williams to violate his civil rights.

The issues presented by the civil claim against Williams and Williams' pending criminal case do not just overlap—they are identical. In each case the opposing party alleges that Williams shot Thomas in the leg. The State of Mississippi seeks to hold him criminally responsible for that act, and Thomas alleges that the act violated his civil rights. Further, at the time of these alleged events occurred, Williams was the Chief of Police for the City of Benoit. He was the official policymaker for the City. Thomas's complaint, and exhibits attached to it, allege several similar incidents of violence perpetuated by Williams. So, while the underlying issues of the claim against the city are not identical, they are so substantially similar as to consider them overlapping. This factor weighs in favor of granting a stay.

## II. Status of the Criminal Case

The Court must also consider "the status of the related criminal proceedings, which can have a substantial effect on the balancing of the equities." *In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003). A stay is "most appropriate when a party to the civil action has already been indicted for the same conduct." *Modern American Recycling Serv. v. Dunavant*, No. 10-3153, 2012 WL 1357720, at * 3 (E.D. La. Apr. 19, 2012).

The pre/post-indictment consideration bears on the interests of the defendant. *LeBouef v. Global X-Ray*, No. 07-5755, 2008 WL 239752, at *2 (E.D. La. Jan. 29, 2008) ("Where a criminal indictment has been issued, there is greater risk of self-incrimination.) But it also bears on the interests of the plaintiff and the court: an indicted case is much more likely to be resolved in a near and certain date, and thus the Court will not need to indefinitely delay proceedings. A case in the investigative stage, however, has the potential to languish; an indictment or criminal complaint may never issue, and the risk to the defendant never truly ends until "the criminal statute of limitations has run—possibly several years hence." *Parallel Civil and Criminal Proceedings*, 129 F.R.D. at 204.

Here, Williams has been indicted for the conduct alleged in the complaint. Thus, the factor generally weighs toward granting a stay. But other facts bear mentioning. Williams was indicted in this matter over a year ago. He has since continued the matter twice.[3] As a result, his criminal

---

[3] According to Williams this was because his criminal defense counsel suffered a health problem that required surgery. The Court certainly understands that medical issues sometimes require postponing and continuing matters. Nonetheless, that is still a delay that must considered in balancing the interests of the parties of this case.

4

trial will not take place before October 2019, approximately one year from now.[4] The length of this delay undermines another reason why post-indictment criminal actions are more likely to warrant a stay. When a federal criminal case is in the post-indictment stage "the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations. *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). The Speedy Trial Act generally requires cases to be tried within 70 days of arraignment. 18 U.S.C. § 3161. Mississippi law, however, provides 270 days between arraignment and trial. Miss. Code Ann. § 99-17-1.

All that is to say that one justification normally given for granting a stay—indicted criminal cases are more likely to be resolved soon—is lacking in this case. It will be at least a year before Williams criminal matter is resolved. Accordingly, the Court finds that this factor does not weigh in favor of a stay.

### III.  Plaintiff's Interest

The Court must also consider "the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay." *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 762 (W.D. Tex. 2008). "Plaintiffs have a legitimate interest in the expeditious resolution of their case." *Plumbers & Pipefitters*, 886 F. Supp. at 1140. However, "courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim,"

---

[4] This year long delay is, in part, a product of the organization of Mississippi's state court system. The circuit courts that hear felony criminal cases in Mississippi still "ride circuit." Judges within a circuit travel to the individual counties making up the circuit and hear cases originating from a particular county during that county's set term of court. *See* Miss. Code Ann. § 9-7-3. Because some circuits have few judges and many counties, some counties, such as Bolivar County where Williams was indicted, may only have two court terms per year in which criminal cases are tried.

*Alcala v. Texas Webb Cty.*, 625 F. Supp. 2d 391, 405 (S.D. Tex. 2009) (internal quotations omitted).

Thomas contends that the delay Williams seeks will result in faded memories and the erosion of evidence that will prejudice his claims. "[C]ourts recognize that delay can lead to the loss of evidence and duly frustrate a plaintiff's ability to put on an effective case." *Id.* (citations omitted).

This factor weighs against a stay for two reasons. First, the Court considers Thomas's interest in pursuing his claim not just against Williams but against the City as well. This case involves more than one claim against more than one defendant, and so a stay would prohibit Thomas from pursuing his claim against the City, which has no Fifth Amendment interest.

Second, the underlying incident that spawned this case occurred on January 1, 2017, and because Thomas claims that the City's official policies and customs caused the constitutional violation, evidence pertaining to that claim would necessarily originate prior to that date. Given that Williams criminal trial will, at the earliest, commence in October 2019, if a stay were granted, Thomas would not be able to begin discovery until almost three years after the alleged events occurred. The Court finds that such a long delay would prejudice Thomas's ability to gather evidence through discovery. Accordingly, this factor weighs against granting the stay.

## IV. Defendant's Interest

Next, the Court "considers the private interests of the defendant in securing the stay and the burden that would result if the stay is denied." *Bean v. Alcorta*, 220 F. Supp. 3d 772, 777 (W.D. Tex. 2016) (citing *Gonazalez*, 571 F. Supp.2d at 762). "When faced with related simultaneous civil and criminal proceedings, a defendant is burdened by 'being compelled to choose between invoking his Fifth Amendment rights or jeopardize his defense in the civil suit, where an adverse inference may be drawn from [his] silence.'" *Gonzalez*, 571 F. Supp.2d at 765 (citing *S.E.C. v.*

*AmeriFirst Funding, Inc.*, No. CIV A 307-CV-1188-D, 2008 WL 866065, at *4 (N.D. Tex. Mar. 17, 2008)). However, Williams bears the burden of making a "a specific showing of the harm [he] will suffer without a stay and why other methods of protecting its interests are insufficient." *United States v. 6600 N. Mesa (In re Ramu Corp.)*, 903 F.2d 312, 320 (5th Cir. 1990).

Williams claims that making him answer discovery will prejudice him by forcing him to choose between invoking his Fifth Amendment right against self-incrimination and defending this case. Thomas argues that any prejudice Williams may suffer is lessened by the fact that Thomas does not intend to depose Williams or propound any discovery on him regarding the facts that occurred on January 1, 2017 that gave rise to the criminal indictment. While that may be true Williams, as the Court earlier noted, was the Chief of Police at time the incident occurred. Thomas will almost certainly have to depose and propound discovery on him about the practices of the Benoit Police Department. And because Thomas's complaint alleges that the use of malicious and excessive force was an official practice of the department, it is apparent that questioning Williams on those practices will likely touch on matters in which he has a Fifth Amendment interest. Accordingly, the Court finds this factor to favor a stay.

## V. Court's Interest

The Court must also consider its own interest both in judicial expedience and in judicial economy. "[T]he Court has an interest in moving its cases 'to an expeditious conclusion.'" *U.S. ex rel. Shank v. Lewis Enterprises, Inc.*, No. CIV. 04-CV-4105-JPG, 2006 WL 1064072, at *5 (S.D. Ill. Apr. 21, 2006) (*Nowaczyk v. Matingas*, 146 F.R.D. 169, 175 (N.D.Ill. 1993)). But the Court also has an interest in appropriately managing judicial resources and "[t]he conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges." *In re*

*Worldcom, Inc. Sec. Litig.*, No. 02 CIV. 3288 (DLC), 2002 WL 31729501, at *8 (S.D.N.Y. Dec. 5, 2002). Further, there is always "a possibility that the Court will have to rule on selective claims of Fifth Amendment privilege and objections to specific information requests during the discovery process." *Alcala*, 625 F. Supp. 2d at 406.

On the one hand, due to the overlap in issues in the two cases, this issues in this case will likely be streamlined if Williams' criminal case is resolved before discovery. And because, as discussed earlier, discovery on the claims against the City will likely touch on issues in which Williams has a Fifth Amendment interests, the Court anticipates it will need to rule on claims of Fifth Amendment privilege, even if Williams is not asked specifically about the events of January 1, 2017.

On the other hand, staying this case will result in discovery beginning, at the earliest, over a year and a half since the case was filed. The Court is also mindful that Williams criminal trial is not actually set for a date certain yet. On balance, however, the Court finds this factor weighs in favor of the stay.

## VI. Public's interest

Finally, the Court must consider the public's interest "in law enforcement efforts through criminal investigation and prosecution." *Mosing* 2017 WL 4228699, at *4. The Fifth Circuit has said that:

> The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). Thus, the plaintiff's interest in proceeding in the case without delay is "subservient to law enforcement's prerogative" once an indictment has been issued. *Lee v. Ackal*, No. CV 15-00754, 2016 WL 1690319, at *4 (W.D. La. Apr. 25, 2016), This factor weighs in favor of granting a stay.

## Conclusion

Considering the appropriate factors, the Court finds that a stay is warranted in this case. This is so because, even though Thomas states he will not seek discovery against Williams about the alleged shooting on January 1, 2017, it seems reasonably certain he will seek discovery against Williams about related matters in prosecuting his case against the City. The Court, therefore, finds it likely that Williams will be asked about matters where he will wish to invoke his Fifth Amendment right against self-incrimination. Though, Thomas has a strong interest in obtaining a prompt resolution to this case, that interest does not outweigh the likely prejudice Williams will suffer by allowing discovery to proceed.

Accordingly, the motion is granted. A separate order shall issue.

This the 24th day of October, 2018.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE